Per Curiam :
Plaintiff sues under the Fifth Amendment for $250,000 for the alleged taking of his property for public use without the payment of just compensation. The property said to have been seized consisted of 93 Government airplanes presented for sale in Arizona by the Air Force as surplus to its needs. The Invitation for Bids offered the aircraft at fixed prices and announced that the sale would be held at 6:45 A.M. on August 19, 1959, on a first-come first-served basis, with lots to decide between two or more potential buyers desiring the same planes. Before the appointed time forty-three bidders had registered and lots were drawn to see who should bid first. The winner offered to buy only 26 airplanes, leaving 67 for further disposition. A second drawing was therefore held, which plaintiff won. He offered to purchase the remaining 67 planes for $105,200, depositing $24,000 at once as required by the Invitation. His bid was immediately accepted by the defendant, pending the necessary anti-trust clearance by the Department of Justice under Section 207 of the Federal Property and Administrative Services Act of 1949, 63 Stat. 377, 391; he was informed that payment of the total purchase price would be due by September 19, 1959, and that all the planes would have to be removed from the Air Force base by January 12, *446 I960. The necessary anti-trust clearance was granted on August 27, 1959, but on September 4,1959, before final payment was due or made, the Air Force notified plaintiff that all offers to purchase at the August 19th sale were rejected and the sale cancelled. The plaintiff’s deposit was thereafter returned.
The petition in this court avoids stating any claim for breach of contract. Father, the gravamen of the cause of action is that plaintiff’s property has been forcibly taken; he alleges that the planes had become his property before the cancellation of the sale on September 4th and that the cancellation constituted an appropriation of his property by the Government for which he should be paid. The sufficient answer, as the defendant points out, is that under the specific provisions of the Invitation for Bids title to the planes still remained in the defendant at the time of the cancellation, because full payment had not yet been made. “Title to the items of property sold hereunder shall vest in the Purchaser as and when full payment is made”; and it was only at that time that the defendant was to give the purchaser a bill of sale. Plaintiff offers nothing to show why these express provisions should not apply in his case. Accordingly, we must hold that he never received title to the planes, they never became his property, and he never became their owner. Since the sole claim he states in his petition necessarily rests on his ownership of the planes at the time the sale was can-celled, judgment must go against him.
The defendant’s motion to dismiss (which under Fule 16(b) has become a motion for summary judgment) is granted and the petition is dismissed.